IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MORESIA BROWN HAMILTON,<br>　　　　Plaintiff, | )<br>) |
| vs. | )　No. 3:22-CV-2081-G-BH<br>) |
| SOCIAL SECURITY OFFICE,<br>　　　　Defendant. | )<br>)<br>)　Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I. BACKGROUND

On September 20, 2022, the *pro se* plaintiff filed a complaint against the defendant and sought leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) Her IFP motion was granted on September 23, 2022. (See doc. 5.) On that date, she was also sent a magistrate judge's questionnaire to obtain more information about her claims. (*See* doc. 6.) The questionnaire specifically advised her that her answers to the questionnaire were due within fourteen days, and that a failure to file her answers could result in the dismissal of the case. (*See id.*) Well more than fourteen days from the date of the questionnaire have passed, but the plaintiff has not filed her answers, or anything else in this case.

### II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with an order to provide answers to the magistrate judge's questionnaire despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files her answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 28th day of November, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                             IRMA CARRILLO RAMIREZ
                                                       UNITED STATES MAGISTRATE JUDGE